# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**JAURICE ANTWAIN PAYNE,**

    *Plaintiff*,

v.                                                                              Case No. 5:23-CV-01305-JKP

**RANDOLPH BROOKS FEDERAL**
**CREDIT UNION,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court are two Motions:

(1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (*ECF No. 12*); and

(2) Defendant's Motion for Order Adjudicating Payne to Be a Vexatious Litigant and Imposing a Pre-filing Injunction, (*ECF No. 13*).

In the almost five months since Defendant filed its Motions, Plaintiff Jaurice Antwain Payne ("Payne"), who proceeds *pro se*, filed no responses. Based upon this history and Payne's failure to properly participate in this litigation, the Court ordered Payne to file a response to each of Defendant's Motions and show cause for his delay. *ECF No. 15*. The Court warned Payne should he fail to file responses to Defendant's Motions and should Payne fail to show good cause for his delay, the Court will consider Defendant's Motions as unopposed. Payne did not respond to the Court's Order and the deadline to do so expired. *See id*. Upon consideration, the Court therefore **GRANTS** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (*ECF No. 12*), and **DENIES**, at this time, Defendant's Motion for Order Adjudicating Payne to Be a Vexatious Litigant and Imposing a Pre-filing Injunction, (*ECF No. 13*).

## LEGAL STANDARD

### I. Failure to Respond

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions to dismiss. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2.

### II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (citations omitted). The party seeking to assert jurisdiction bears the burden of proving its existence. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless the party invoking federal jurisdiction establishes otherwise. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## DISCUSSION

Under the circumstances of this case, the Court will apply Local Rule 7(d)(2) which allows granting this dispositive motion, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (*ECF No. 12*), as unopposed. However, the Court also reviewed the merits of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (*id.*), and determines dismissal on the substantive merits of any cause of action based on the Securities Act of 1933 or 12

U.S.C. § 504 is also appropriate. *See Landry v. All American Assurance Co., 688 F.2d 381, 387–91* (5th Cir.1982) (concluded upon application of *Cort v. Ash* test to section 17(a) that private cause of action is not implied); *E.g., Mills v. Bank OZK*, No. 6:24-CV-00133, 2024 WL 4714325 at *5 (E.D. Tex. Oct. 9, 2024), *R. & R. adopted*, No. 6:24-CV-00133, 2024 WL 4834029 (E.D. Tex. Nov. 19, 2024) (collecting cases).

The Court will deny Defendant's Motion for Order Adjudicating Payne to Be a Vexatious Litigant and Imposing a Pre-filing Injunction, (*ECF No. 13*), at this time. A review of the CM/ECF system reveal Payne has not filed any cases since 2023.

## CONCLUSION

Upon consideration, the Court therefore **GRANTS** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (*ECF No. 12*), and **DENIES**, at this time, Defendant's Motion for Order Adjudicating Payne to Be a Vexatious Litigant and Imposing a Pre-filing Injunction, (*ECF No. 13*). Accordingly, this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED** to terminate this case.

**The Clerk of Court is further DIRECTED to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) Jaurice Antwain Payne, 190 Flair Drive, San Antonio, TX 78227

It is so ORDERED.
SIGNED this 6th day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE